**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | |
|     SAINT BROWN ) | Chapter 13 |
| ) | Case No. 13-00162 |
|     Debtor. ) | Judge S. Martin Teel, Jr. |

<u>CREDITOR'S RESPONSE TO OBJECTION TO PROOF OF CLAIM</u>

    Creditor Lafayette at Penn Quarter Condominium Unit Owners Association ("the Association"), through counsel, hereby responds to the Debtor's Objection to its Proof of Claim.

    The Debtor's Objection raises four issues: (1) The Debtor asserts that the item on the Statement of Pre-Petition Account "Previous Attorneys Fees" is a charge incurred at least in part prior to his previous Chapter 7 bankruptcy filing, and therefore was discharged in the prior bankruptcy; (2) The Debtor asserts that the Association provided insufficient documentary support for the items "Previous Attorneys Fees" and "Current Legal Fees"; (3) The Debtor asserts that the Association is not entitled to interest at the contract rate for the period prior to his filing of this bankruptcy petition; and (4) The Debtor asserts that the Claim should be reduced by set-off because the Association had restricted the Debtor's access to certain common element amenities in the condominium during the period that he was delinquent in paying his condominium assessments.

    As set forth more fully in the accompanying Memorandum of Points and Authorities, all "Previous Attorneys Fees" were charges from the Association's previous attorney which were incurred after Debtor's Chapter 7 discharge. Copies of all invoices containing line item charges included in the items "Previous Attorneys Fees" and "Current Legal Fees" on the Statement of Pre-Petition Account are provided herewith. The Association is entitled to interest on unpaid assessments at the contract rate for the period prior to the Debtor's filing of the petition in this

case, and that is all the interest that is included in its Proof of Claim. The doctrine of independent significance of covenants precludes any set-off against the condominium assessments owed by the Debtor.

                                                Respectfully submitted,

                                                SCHEUERMANN & MENIST

                              By:    /s/ Elizabeth Menist
                                    Elizabeth Menist (#475052)
                                    Ulani Gulstone (#980392)
                                    700 E Street, S.E.
                                    Washington, D.C. 20003
                                    (202) 547-9180
                                    em1@estreetlaw.com

                                    Counsel for Creditor Lafayette at Penn
                                    Quarter Condominium Unit Owners Assn

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing Creditor's Response to Objection to Proof of Claim was this 21st day of October, 2013, sent by first-class mail, postage pre-paid to:

Saint Brown
631 D Street, N.W., #262
Washington, D.C. 20004

Brian V. Lee
1250 Connecticut Avenue, N.W. , Second Floor
Washington, D.C. 20036

Joseph A. Guzinski
U.S. Trustee's Office
115 South Union Street #210 Plaza Level
Alexandria, VA 22314

Cynthia A. Nicklas
Chapter 13 Trustee
4545 42nd Street, N.W. #211
Washington, D.C. 20016-4623

                                                /s/ Elizabeth Menist
                                                Elizabeth Menist

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SAINT BROWN | ) | Chapter 13 |
| | ) | Case No. 13-00162 |
| Debtor. | ) | Judge S. Martin Teel, Jr. |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CREDITOR'S RESPONSE TO OBJECTION TO PROOF OF CLAIM**

In support of its response to the Debtor's Objection to its Proof of Claim, Creditor Lafayette at Penn Quarter Condominium Unit Owners Association ("the Association"), through counsel, states as follows:

**(1) No Attorneys Fees Included in the Proof of Claim
Were Discharged in Debtor's Previous Bankruptcy**

The Debtor filed his previous Chapter 7 bankruptcy petition (Case No. 11-00193) in the Court on March 13, 2011. He was discharged on June 22, 2011 (Discharge Docket No. 22).

The line item "Previous Attorneys Fees" in the Statement of Pre-Petition Account refers to attorneys fees paid by the Association to its previous counsel, Chadwick, Washington, Moriarty, Elmore & Bunn, P.C. ("Chadwick"). Chadwick represented the Association with respect to collecting unpaid condominium assessments from the Debtor through February, 2012. The Debtor does not dispute that the Association is entitled to collect from him any attorneys fees and costs of collection that it incurred to collect delinquent condominium assessments. Attached hereto as Exhibit 1 are invoices from Chadwick to the Association for work performed during the period August 1, 2011 (after the Debtor's previous discharge, when collection efforts for his failure to pay condominium assessments coming due after the filing of his Chapter 13

petition commenced) through February 29, 2012[1].  These invoices reflect that Chadwick billed the Association $3658.60 for legal services and reimbursable costs (including filing fees, service of process, etc.) for collection efforts against the Debtor.  Through inadvertent error by the Association's management company's accounting department, only $2737.00 of the $3658.60 was charged to the Debtor's account prior to his filing of the Chapter 13 petition in this case.  Therefore Creditor is only seeking to recover the $2737 that was on the account as of the Chapter 13 filing date in its claim.

While it is not clear whether the Debtor is also alleging that any portion of the Current Legal Fees was incurred prior to his March 13, 2011 filing of his Chapter 7 petition and thus discharged, the Association affirmatively asserts that the "Current Legal Fees", which refers to legal fees charged to the Association for collection efforts against the Debtor relating to the assessments included in the Statement of Pre-Petition Account by the undersigned law firm prior to his filing of this current Chapter 13 petition, were all incurred during the period between April 17, 2012 and March 12, 2013, as shown in the attached Exhibit 2[2].

### (2) Documentary Support for "Previous Attorneys Fees" and "Current Legal Fees" is Provided Herewith

Exhibits 1 and 2 provide a detailed account of each time entry and each cost reimbursement incurred in connection with the Association's collection efforts against the Debtor, including both civil suits and the filing and attempted enforcement of statutory liens against his condominium unit.

---

[1] All line items on the Chadwick invoices that do not pertain to collection efforts against Mr. Brown have been redacted to preserve the attorney-client privilege and protect the privacy of other delinquent unit owners.

[2] The line item "Cost of Collection" in the Statement of Pre-Petition Account is also detailed in Exhibit 2.

### (3) The Debtor is Attempting to Conflate Pre-Petition Interest at the Contract Rate with Post-Petition Interest Authorized by Statute

The Bylaws of the Lafayette at Penn Quarter Condominium Unit Owners Association, which were attached to the Association's Proof of Claim, provide that in the event of a default by any unit owner which continues for a period in excess of fifteen (15) days, such unit owner may be obligated to pay interest on the amounts due at the lesser of twenty percent (20%) per annum or the maximum permissible rate of interest, from the due date thereof.  See Proof of Claim, Attachment (Bylaws), Section 11.1(E).  Mr. Brown had, at the time of filing his petition in this case, failed to pay his condominium assessments for the 21 months following his Chapter 7 discharge.  See Proof of Claim.  The maximum permissible rate of interest in the District of Columbia during the period July, 2011 through March, 2013 was 24%.  See D.C. Code § 28-3301.  Therefore, Mr. Brown had a contractual obligation to pay interest on his delinquent condominium assessments at a rate of 20% per annum from July 15, 2011 through the date of his filing of his petition in this case.  11 U.S.C.A. § 506(b) explicitly authorizes the holder of a secured claim to recover interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which the claim arose

Upon the filing of the Debtor's petition, interest at the contract rate ceased to accrue. Instead, the Association is compensated for the loss of use of its money during the period between confirmation of the Chapter 13 Plan and final payment by the Trustee from Plan funds by the 6% interest authorized by statute.

In its Proof of Claim, the Association included contract interest at 20% per annum only for the period July 2011 through February 2013 (prior to filing of the petition in this case).  See Proof of Claim, Statement of Pre-Petition Account.  Therefore, contrary to Debtor's assertion, no unmatured interest or post-petition interest was included in the claim in violation of 11 USC §

502(b)(2), and Creditor will not receive interest twice for the same time period, as the 6% statutory interest commences after Plan confirmation.

### (4) Debtor is Not Legally Entitled to a Reduction in Condominium Assessments for the Period during which He was Prevented from using Certain Common Element Amenities.

Debtor offers no support for his assertion that he is entitled to a reduction in the amount of his condominium assessments during the period when the Association suspended his use of certain common element amenities due to his persistent non-payment of those assessments.

The District of Columbia Condominium Act (the "Act") provides that (with certain exceptions not relevant here) the common expenses of a condominium association <u>shall</u> be assessed in accordance with the bylaws of the association, and that the bylaws of the association <u>shall</u> establish each unit's percentage of liability for such common expenses in one of three ways – proportionate to the size of the unit; proportionate to the par value (sometimes denoted as "percentage interest") of the unit as set forth in the condominium declaration; or with each condominium unit having an equal liability for expenses.  See D.C. Code §42-1903.12(c).  The Association's Bylaws elect the percentage interest method.  See  Proof of Claim, Attachment (Bylaws), Section 6.1(C).  Therefore, the Debtor is legally obligated to pay condominium assessments in the amount of that percentage of the common expenses that is equal to Unit 242's percentage interest in the condominium.

The Debtor does not argue that the assessments claimed to be due and owing are not calculated as required by the Act and the Bylaws.  Instead, he baldly claims that he is entitled to a reduction in the amount of his condominium assessments during the period when the Association suspended his use of certain common element amenities due to his persistent non-payment of those assessments.  However, there is no provision in either the Act or the Bylaws which would permit such a reduction.

Under the doctrine of independent significance of covenants, the Association suspending the Debtor's use of certain common element amenities does not relieve the Debtor of his obligation to pay condominium assessments (which pay for, among other things, the maintenance and repair of the condominium's common elements [including the building roof, exterior walls, all structural elements of the building, and the grounds], liability and property damage insurance premiums, water and sewer charges, the janitorial service that cleans the common elements, the condominium's property management company and security personnel).  See e.g., Glen v. June, 782 A.2d 430 (N.J.Super.A.D.,2001).  See also, e.g., Agassiz West Condominium Ass'n v. Solum, 527 N.W.2d 244 (N.D.,1995);  Forest Villas Condominium Ass'n, Inc. v. Camerio, 422 S.E.2d 884 (Ga.App.,1992); Rivers Edge Condominium Ass'n v. Rere, Inc., 390 Pa.Super. 196, 568 A.2d 261 (1990); Board of Managers of First Ave. Condominium v. Shandel, 542 N.Y.S.2d 466 (N.Y.City Civ.Ct.,1989)(all holding that the doctrine of independent significance of covenants applies to condominium bylaws and even an association's failure to perform its own obligations under condominium instruments does not relieve a unit owner of the obligation to pay condominium assessments).

Finally, in asserting his right to a set-off, the Debtor fails to provide any evidence that he was harmed by the Association restricting his access to the certain common element amenities and, if he was harmed, what his measure of damages might be.  He does not even assert that he had previously used the common element amenities to which his access was restricted.

Respectfully submitted,

SCHEUERMANN & MENIST

By:  /s/ Elizabeth Menist
Elizabeth Menist (#475052)
Ulani P. Gulstone (#980392)
700 E Street, S.E.

Washington, D.C. 20003
(202) 547-9180
em1@estreetlaw.com

Counsel for Creditor Lafayette at Penn
Quarter Condominium Unit Owners Assn

Case 13-00162    Doc 49    Filed 10/21/13    Entered 10/21/13 16:49:20    Desc Main
            Document      Page 8 of 8